NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000109
28-MAR-2013
09:58 AM**

NO. CAAP-10-0000109

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSEPH D. VILLIARIMO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CR. NO. 08-1-0035(4))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Joseph D. Villiarimo (Villiarimo) appeals the September 30, 2010 Order of Resentencing Revocation of Probation entered by the Family Court of the Second Circuit (Family Court).[1]

On appeal, Villiarimo contends that the Family Court (1) abused its discretion in denying his request for a continuance to obtain the presence of a doctor at the Hawaiʻi State Hospital (HSH) to testify and (2) abused its discretion in revoking probation where the evidence did not support a willful and inexcusable failure to comply with the conditions of probation.

1. The Family Court did not abuse its discretion by denying the continuance. The trial court's ruling on a motion to continue will not be disturbed on appeal without a showing of

---

[1] The Honorable Shackley F. Raffetto presided.

abuse of discretion. State v. Gager, 45 Haw. 478, 488, 370 P.2d 739, 745 (1962).

> In moving for a continuance based on the unavailability of a witness, the movant must generally show that:
>
>> due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, **and** that the denial of the continuance would materially prejudice the defendant.

State v. Lee, 9 Haw. App. 600, 604, 856 P.2d 1279, 1282 (App. 1993) (emphasis added). After reviewing the record in this case, we find no such abuse.

2. The Family Court did not abuse its discretion in revoking probation where it did not err in its findings and was not wrong in its conclusion that Villiarimo inexcusably failed to comply with conditions of probation. A circuit court's decision that a defendant failed to comply with a substantial requirement imposed as a condition of an order of probation is a finding of fact reviewed under the clearly erroneous standard. State v. Reyes, 93 Hawai'i 321, 327, 2 P.3d 725, 731 (App. 2000); State v. Lazar, 82 Hawai'i 441, 443, 922 P.2d 1054, 1056 (App. 1996); HRS § 706-625(3) (Supp. 2012) ("The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed[.]"). It is for the trial court to make credibility assessments, resolve conflicts in testimony and draw all reasonable inferences from the evidence. State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996).

Villiarimo admits that "his psychotic disorder was triggered by his relapse," that is to say, Villiarimo's use of illicit drugs. Villiarimo does not contest that his actions subsequent to the relapse and during his psychotic disorder constituted violations of probation conditions, nor does he deny that his use of illicit drugs was of his own volition. Consequently, where the relapse ultimately was the admitted cause of Villiarimo's psychotic disorder under which Villiarimo took the actions that violated his conditions of probation, that

2

relapse was properly considered by the Family Court in the Probation Revocation proceeding--notwithstanding that the same taking of illicit drugs was also the basis for a previous revocation proceeding. Accordingly, the Family Court's finding in this regard was not clearly erroneous.

Villiarimo also argues that insufficient evidence existed for the Family Court to conclude that Villiarimo's failure to comply with the stated conditions of probation was willful and inexcusable, in essence arguing that evidence of his psychotic disorder renders his noncompliance non-willful and excusable.

A circuit court's decision that the failure to comply with a substantial requirement imposed as a condition of an order of probation was inexcusable is a conclusion of law reviewed de novo under the right/wrong standard. Reyes, 93 Hawai'i at 327, 2 P.3d at 731; Lazar, 82 Hawai'i at 443, 922 P.2d at 1056. "A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Reyes, 93 Hawai'i at 327, 2 P.3d at 731 (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 119, 839 P.2d 10, 29 (1994)) (internal quotation marks and brackets omitted).

The principles of voluntary intoxication that "a mental disability excusing criminal responsibility must be the product of circumstances beyond the control of the defendant," State v. Freitas, 62 Haw. 17, 20, 608 P.2d 408 410 (1980), and that voluntary intoxication is not a defense to criminal conduct, State v. Souza, 72 Haw. 246, 249, 813 P.2d 1384, 1386 (1991), are analogous and applicable to the instant situation. Under HRS § 706-625, "[a] defendant's willfulness is an indicator of culpability." State v. Wong, 73 Haw. 81, 87, 829 P.2d 1325, 1328 (1992). HRS § 702-230 "prohibits the jury from considering self-induced intoxication to negate the defendant's state of mind" State v. Birdsall, 88 Hawai'i 1, 4, 960 P.2d 729, 732 (1998) (citation omitted). "Willful" is tantamount to an "intentional"

mental state.  See State v. Brown, 70 Haw. 459, 465, 776 P.2d 1182, 1186 (1989) ("willfulness in a context of criminal contempt means a deliberate or intended violation") (citation, internal quotation marks, and brackets omitted).  In consideration of the foregoing, Villiarimo's voluntary intoxication (i.e., his use of drugs) and the psychosis--which he confirms was "self-induced because [h]e used drugs," and which was a direct consequence of the voluntary intoxication, as admitted by Villiarimo (his relapse in use of drugs "triggered" the psychotic disorder)--cannot be a defense to his willfulness, as an indicator of culpability, in violating of the conditions of his probation.  Hence, the Family Court's conclusion that Villiarimo "inexcusably" violated the specified terms of his probation was not wrong.

Therefore, the Family Court of the Second Circuit's September 30, 2010 Order of Resentencing Revocation of Probation is affirmed.

DATED:  Honolulu, Hawai'i, March 28, 2013.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

4